WERK (TIGHLMAN v.). See Case No. 14,037.

WERK (TILGHMAN v.). See Case No. 14,046.

## Case No. 17,416.

### In re WERNER.

[5 Dill. 119.] [1]

Circuit Court, E. D. Missouri. 1878.

BANKRUPTCY—CHATTEL MORTGAGES—IMPEACHMENT BY ASSIGNEE.

The assignee in bankruptcy, as the representative and trustee for the general creditors, may impeach the validity of a chattel mortgage void by local statute as to creditors because not recorded, and has all the rights in this respect that an attaching or execution creditor would have had if bankruptcy had not supervened.

[In review of the action of the district court of the United States for the Eastern district of Missouri.]

The bankrupts, within sixty days of the proceedings in bankruptcy, made a chattel deed of trust upon their stock in trade, fixtures, and a leasehold interest, to secure a debt created at the time, in favor of Rumsey & Co. There was no actual fraud. The said deed of trust was never recorded, nor was possession ever taken under it. The mortgagors remained in possession, and carried on their business (plumbers) as before.

The question presented arises between the assignee in bankruptcy and the mortgagees. That question is, whether the security of the deed of trust (a mortgage in effect) is effectual as against the assignee in bankruptcy as respects the stock in trade, or the fixtures, or both. The district court held it invalid as to the stock in trade, but otherwise to be effectual. [Case unreported.] The mortgagees and the assignee bring cross-bills of review.

Collier & Muench, for assignee.

D. Dillon, for mortgagees.

DILLON, Circuit Judge. This case is different from Kirkbride's Case [Case No. 7,839], decided at this term, which involved a construction of section 1 of the statute of fraudulent conveyances. That section is as follows: "Every deed of gift and conveyance of goods and chattels in trust to the use of the person so making such deed of gift or conveyance, is declared to be void as against creditors, existing and subsequent, and purchasers."

This case involves a construction of section 8 of the same statute, which is in these words: "No mortgage or deed of trust of personal property hereafter made shall be valid against any other persons than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee, or cestui que trust, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of land are by law directed to be acknowledged or proved and recorded."

The bankrupt act declares that property disposed of in fraud of creditors shall pass to the assignee. It also contains a provision that no chattel mortgage "made in good faith and for present consideration, and otherwise valid, and duly recorded pursuant to the statutes of any state, shall be invalidated or affected by the bankrupt act." Under section 8 of the statutes of the state relating to fraudulent conveyances, above quoted, it is not denied by the counsel for the mortgagees, since the instrument was not recorded, nor possession taken under it, that it would be fraudulent

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

and void as to attaching or execution creditors. Such is the plain reading of the statute, and such is the settled construction of the statute in this state. But the point relied upon is that, since the instrument is good between the parties, the assignee, as the representative of the general creditors, having no lien of any kind, cannot impeach it. Such would seem to be the opinion of Mr. Justice Hunt, in Re Collins [Case No. 3,007], decided on the circuit, and there are some other decisions lending more or less support to this view. 6 Am. Law Rev. 50. But, on principle, as well as on the weight of authority, I think this view is erroneous. It was so decided in this court in Allen v. Massey [Case No. 231], in 1870, and the judgment was affirmed in the supreme court (17 Wall. [84 U. S.] 351). The bankrupt act "takes out of the hands of creditors, to a large extent, the ordinary remedial processes and suspends the ordinary rights which by law belonged to creditors, and substitutes in their place a new and comprehensive remedy, designed for the common benefit." Curtis, J., in Betton v. Valentine [Case No. 1,370]. And in this sense it is that an adjudication of bankruptcy has been said to be "a statute of execution for all the creditors." Ex parte Foster [Id. 4,960]. And on the precise. point involved in this cause, Mr. Justice Strong says: "I think, notwithstanding some decisions to the contrary, an assignee in bankruptcy of the mortgagor stands in the position of such creditors (judgment or lien creditors) with. equal rights, the adjudication of bankruptcy being equivalent to the recovery of a judgment and levy." Miller v. Jones [Id. 9,576]. To the same effect is the well-reasoned opinion of Drummond, J., in Re Gurney [Id. 5,873], of Woods, J., in Barker v. Barker's Assignee [Id. 986], of Woodruff, J., in Re Leland [Id. 8,234], and of Curtis, J., in Carr v. Hilton [Id. 2,436]. The briefs of counsel contain a reference to other cases to the same effect.

The order below will be reversed and the deed of trust declared to be wholly void, under the 8th section of the statute concerning fraudulent conveyances.

In order to have the point settled without delay in the administration of the estate. the district court ruled in favor of the claimant at the close of the term. The district judge, however, states that he is of opinion that his former ruling was erroneous. inasmuch as the mortgage was recorded after the proceedings in bankruptcy and other rights under the bankrupt act had intervened. Hence the doctrine laid down in Sawyer v. Turpin, 91 U. S. 114, is not applicable. The conclusion reached in this opinion meets with his full concurrence. Judgment accordingly.